PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ALAN KOSTER, | ) | |
| | ) | CASE NO. 1:13cv2719 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied David Alan Koster's claim for

supplemental security income ("SSI") benefits after hearings held on March 22, 2012 and July 5,

2012. That decision became the final determination of the Commissioner of Social Security

when the Appeals Council denied the request to review the ALJ's decision. The claimant sought

judicial review of the Commissioner's decision, and the Court referred the case to Magistrate

Judge James R. Knepp II for preparation of a report and recommendation pursuant to 28 U.S.C. §

636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a

Report and Recommendation reasoning that the Commissioner's decision that Plaintiff is not

disabled should be affirmed. *See* ECF No. 17.

**I.**

When the magistrate judge submits a Report and Recommendation, the Court is required

to conduct a *de novo* review of those portions of the Report and Recommendation to which an

(1:13cv2719)

objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and Recommendation

must be specific, not general, in order to focus the court's attention upon contentious issues.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary

issue then becomes whether substantial evidence supports the Commissioner's decision.  The

Court's review of the Commissioner's decision is limited to determining whether substantial

evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*,

574 F.2d 359, 362 (6th Cir. 1978); *Brown v. Astrue*, 649 F.3d 193, 195–96 (3d Cir. 2011)

(discussing the standard of review a district court should apply when reviewing a magistrate

judge's findings in an SSI claim).  Substantial evidence is more than a mere scintilla of evidence,

but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw

v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

        If substantial evidence supports the Commissioner's decision, a reviewing court must

affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health

and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*,

708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed

even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to

administrative decision makers.  It presupposes that there is a zone of choice within which the

decisionmakers can go either way, without interference by the courts.  An administrative decision

(1:13cv2719)

is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in

determining whether substantial evidence supports the ALJ's findings in the instant matter, the

court must examine the record as a whole and take into account what fairly detracts from its

weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The

court must also consider whether the Commissioner employed the proper legal standards.  *Queen*

*City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

      To establish disability under the Social Security Act, a claimant must show that he is

unable to engage in substantial activity due to the existence of "a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent him from doing his

previous work, as well as any other work existing in significant numbers in the national

economy.  42 U.S.C. § 423(d)(2)(A).

      In order for the Commissioner to find that a plaintiff suffers from a disability for which

she should receive benefits, the plaintiff must be unable to engage in any substantial gainful

activity due to the existence of a "medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727,

730 (6th Cir. 2007).  Under 42 U.S.C. § 1381, disabled individuals who meet certain income and

resources requirements are entitled to SSI benefits.  20 C.F.R. §§ 416.1100 and 416.1201.

(1:13cv2719)

## II.

Plaintiff lodges the following objections to the Report and Recommendation (ECF No. 17):

> 1.  "The Magistrate erred in finding that there was no factual discussion or reference to the medical record in Plaintiff's Brief."
>
> 2.  The magistrate judge erred in not finding that the ALJ should have included in her hypothetical Plaintiff's limitation of being off-task fifteen percent of the time due to chronic pain.
>
> 3.  The magistrate judge erred in not finding that the ALJ should have included in her hypothetical Plaintiff's limitations in concentration.

ECF No. 18.  The Court reviews the objections *de novo*.

### A.  Factual Discussion of the Medical Record

The magistrate judge's Report and Recommendation states that Plaintiff's merits brief (ECF No. 13) lacked factual discussion and reference to the medical record.  ECF No. 17 at 2. Plaintiff objects to this characterization, and cites examples in his brief of references to the medical record.  ECF No. 18 at 1–2.

The Court sustains Plaintiff's first objection.  Contrary to the magistrate judge's writing, Plaintiff provided " factual discussion or reference to the medical record."  This misstatement, however, has no bearing on the validity of the otherwise thorough Report and Recommendation.

### B.  Plaintiff's Physical Limitations

On July 5, 2012, the ALJ posed the following hypothetical question to the Vocational Expert ("VE"):

(1:13cv2719)

> I'd like you to consider a person with the same age, education and no past work as
> indicated, as the claimant, who is able to occasionally lift 20 pounds and
> frequently lift 10 pounds; is able to stand and walk six hours of an eight hour
> work day; is able to sit for six hours of an eight hour work day; would have
> unlimited push and pull other than shown for lift and/or carry; could occasionally
> climb ramps and stairs; can never climb ladders, ropes or scaffolds; can
> occasionally stoop, knee[l], crouch and crawl.
>
> In addition this hypothetical individual can understand and perform simple,
> routine tasks or unskilled work that involves few changes and do not require a
> rapid pace.

ECF No. 12 at Page ID#112.  The VE testified that a person with such limitations could perform

work that is "light in physical demand," listing cleaner/housekeeping, carwash attendant, and

mail clerk as examples.  *Id.* at Page ID#113.  The ALJ then added an additional limitation to the

hypothetical: "I'd like you to further assume that this hypothetical individual can perform low

stress work. By that I mean no arbitration, no negotiation or confrontation, or responsibility for

the safety of others, and no supervisor responsibilities. Would that hypothetical individual be

able to perform the jobs that you've identified?" *Id.* at Page ID#113–14.  Again, the VE

answered affirmatively.  *Id.* at Page ID#114.

Based on the medical record and the VE's testimony, the ALJ made the following

assessment of Plaintiff's residual functional capacity ("RFC") that parallels the limitations that

the ALJ posed in her hypothetical to the VE:

> [P]erform less than the full range of light work as defined in 20 CFR 416.967(b).
> Specifically, he can occasionally lift 20 pounds and frequently lift 10 pounds. He
> is able to stand and walk 6 hours of an 8-hour workday and sit for 6 hours of an 8-
> hour workday. He has an unlimited ability to push/pull other than shown for lift
> and/or carry. He can occasionally climb ramps and stairs and he can never climb
> ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl.
> He can understand and perform simple routine tasks (unskilled work) that involve
> few changes and do not require a rapid pace. He can perform low stress work

(1:13cv2719)

> meaning no arbitration, negotiation, confrontation, responsibility for the safety of others, and no supervisory responsibility.

ECF No. 12 at Page ID#66.  Plaintiff challenges the RFC assessment as not supported by substantial evidence because it failed to include a limitation that Plaintiff would be off-task fifteen percent of the time due to chronic pain that Plaintiff experienced.  ECF No. 18 at Page ID#598–600.  In support, Plaintiff points to VE testimony that a person with such a limitation would not be able to sustain any full time job.  ECF No. 12 at Page ID#115.

A vocational expert's testimony responding to a hypothetical question may serve as substantial evidence in support of the conclusion that a claimant can perform other work if the question accurately portrays the physical and mental impairments of the claimant.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  In order for the VE's testimony to be substantial evidence, the hypothetical to which the VE responds must accurately portray the limitations of the claimant.  *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014); (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)); *see also Johnson v. Comm'r of Soc. Sec.*, 2000 WL 332059, at *6 (6th Cir. Mar. 22, 2000) ("The ALJ credited evidence in the record over Plaintiff's testimony, and this Court defers to the credibility findings of the ALJ.").

Substantial evidence supports the ALJ's decision not to include a limitation that Plaintiff would be off-task fifteen percent of the time due to chronic pain.  The ALJ credited Plaintiff's testimony that he experienced pain stemming from injuries suffered in a February 8, 2010 traffic accident.  ECF No. 12 at Page ID#67.  At the same time, the ALJ concluded that Plaintiff was not

6

(1:13cv2719)

as limited by these impairments as Plaintiff testified.  Plaintiff was weight bearing as tolerated as of his discharge from rehabilitation on May 19, 2010—three months after the accident.  ECF No. 12 at Page ID#300.  Following discharge, Plaintiff did not seek further rehabilitative or orthopedic treatment.  *Id.* at Page ID#67–68.  On December 2, 2010, Plaintiff saw Dr. Michael Seidman for pain medication.  Dr. Seidman declined to prescribe narcotics to Plaintiff because he had not used any pain medication in the three previous months.  *Id.* at Page ID#540.  Dr. Seidman also observed that Plaintiff ambulated without difficulty.  *Id.*  On December 17, 2010, Plaintiff saw Dr. Mark Krofina, who declined to fill out a functional evaluation for Plaintiff's disability application, although he did refer Plaintiff to the rehabilitation department for assistance in completing the evaluation.  *Id.* at Page ID#545.  Plaintiff did not follow through on Dr. Krofina's referral, and has not sought any medical treatment since December 17, 2010.  *Id.* at Page ID#68.  At the March 22, 2012 hearing, Plaintiff testified to being able to pick up twenty pounds of weight, walk a quarter mile, and stand for a half an hour.  *Id.* at Page ID#90–91.  Two independent state agency physicians reviewed the record in this case, and both found that Plaintiff is able to perform light work with his limitations.  *Id.* at Page ID#125–26, 134–35.  This objective medical evidence substantiates the limitations that the ALJ imposed during the hypothetical, and the VE's response to the question constitutes substantial evidence that the ALJ relied on in finding that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred because she did not rely on the VE's testimony that a person with a limitation of being off-task fifteen percent of the time would not be able to sustain any full time job.  Although the VE offered testimony to that effect during the hearings (*see* ECF

(1:13cv2719)

No. 12 at Page ID#115), the ALJ was under no obligation to accept this testimony when, as here, she found the proposed limitation to be unsubstantiated by the objective medical record. *See McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1003 (6th Cir. 1988) ("Claimant did not introduce objective medical evidence to support the existence or severity of the alleged migraine headaches. The only evidence in the record supporting her claim was the testimony of claimant herself which two ALJs found to be not credible."); *see also Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003) (noting that subjective complaints of pain, unsubstantiated by objective medical evidence, precluded a finding of disability). The ALJ placed less emphasis on Plaintiff's testimony regarding the severity of his pain because it was contradicted by the evidence in the medical record. ECF No. 12 at Page ID#67. Accordingly, the ALJ properly disregarded the VE's testimony in response to the fifteen-percent off-task limitation when Plaintiff did not indicate objective medical evidence supporting the limitation.

In light of the medical evidence in the record, the ALJ was justified in declining to include a limitation that Plaintiff would be off-task fifteen percent of the time due to chronic pain. Substantial evidence supports the ALJ's determination of Plaintiff's physical limitations. Plaintiff's second objection is overruled.

### C. Plaintiff's Mental Limitations

The ALJ incorporated mental limitations in the hypothetical questions posed to the VE. The ALJ's hypothetical limited the work to "routine tasks or unskilled work that involves few changes and do not require a rapid pace." ECF No. 12 at Page ID#112. The ALJ also imposed a limitation of only performing low stress work with no arbitration, negotiation, confrontation,

8

(1:13cv2719)

responsibility for others, or supervisory responsibility.  ECF No. 12 at Page ID#113.

Plaintiff challenges the RFC as not supported by substantial evidence because, according to Plaintiff, it failed to include a limitation that Plaintiff experienced difficulty with concentration and persistence.  ECF No. 18 at Page ID#600.  Plaintiff contends that the ALJ's "lack of consideration of the Plaintiffs ability to concentrate on and persist at work are in error and result in a decision not supported by substantial evidence."  *Id.*  In support of this argument, Plaintiff points to the Paragraph B criteria findings of Dr. Carl Tishler and Dr. Deryck Richardson that indicate that Plaintiff has moderate limitations on concentration and persistence.  ECF No. 12 at Page ID#124, 136.

Plaintiff's objection is not well-taken.  The Social Security Administration has long distinguished between findings of limitations under the Paragraph B criteria and those included in an RFC assessment.  "[L]imitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."  SSR 96-8P, at *4 (S.S.A. July 2, 1996).  In contrast, the "RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C."  *Id.*  Because "[t]he RFC describes 'the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from,'" *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002)), the ALJ's inquiry is necessarily broader during the RFC assessment and must account for "all the relevant evidence in [the] case record."  20 C.F.R. § 416.945.

9

(1:13cv2719)

In this case, substantial evidence from the entire record supports the mental limitations that the ALJ included in her hypothetical questions to the VE.  Plaintiff had received Haldol for depression and anxiety after the traffic accident, but the record reflects that Plaintiff has not seen a mental health professional since June 2010 and is no longer taking psychotropic medication. ECF No. 12 at Page ID#69.  During a May 12, 2010 psychiatric evaluation, Dr. Harry Pollock found that Plaintiff had no psychosis and was doing very well overall despite some mild cognitive deficits.  Id. at Page ID#470.  Dr. Margaret Zerba performed an evaluation on December 8, 2010, and reached similar results.  Dr. Zerba concluded that Plaintiff was unimpaired in his ability to follow directions, perform simple, repetitive tasks, or his ability to relate to others in a work environment.  Id. at Page ID#409–10.  Dr. Zerba found Plaintiff only had a moderate difficulty withstanding the daily pressures of a work environment due to depression and problems with sleeping, eating, and memory.  Id. at Page ID#410.  Dr. Zerba's conclusion was corroborated by the evaluations performed by Dr. Tishler and Dr. Richardson. Id. at Page ID#69.  The limitations proposed by the ALJ's hypothetical questions—routine tasks and low stress work—adequately account for Plaintiff's limitations found in the medical record. As the hypothetical accurately reflects Plaintiff's limitations, the VE's testimony in response is substantial evidence supporting the ALJ's finding that Plaintiff was not disabled.

The mental limitations that the ALJ included in the hypothetical posed to the VE are consistent with substantial evidence contained in Plaintiff's medical record.  Plaintiff's third objection is overruled.

(1:13cv2719)

### III.

For the reasons discussed above, Plaintiff's Objections (ECF No. 18) are sustained in part and overruled in part.  Except for its statement that "Plaintiff's Brief . . . contains no factual discussion or reference to the medical record," the Report and Recommendation is hereby adopted.  The decision of the Commissioner is affirmed.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


  January 30, 2015                          /s/ Benita Y. Pearson                  
Date                                    Benita Y. Pearson
                                        United States District Judge

11